**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                    No. 00-4429

CARLOS EDDIE CARLTON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-99-362)

Argued: June 7, 2001

Decided: July 2, 2001

Before NIEMEYER and TRAXLER, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

---

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion,
in which Judge Traxler and Senior Judge Beezer joined.

---

## COUNSEL

**ARGUED:** Eric David Placke, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant. Paul Alexander Weinman,
Assistant United States Attorney, Winston-Salem, North Carolina, for
Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender,

Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

NIEMEYER, Circuit Judge:

Carlos Eddie Carlton was convicted for possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), and the district court sentenced him to 108 months imprisonment. For the first time on appeal, he challenges his sentence, contending that the district court erred in enhancing his offense level on the ground that he possessed firearms "in connection with another felony offense" — namely, his larceny of the same firearms — under U.S.S.G. § 2K2.1(b)(5). Finding no plain error, we affirm.

I

On October 15, 1999, Lieutenant Jim Mecum, an officer in the Forsyth County (North Carolina) Sheriff's Department, was off-duty and working on a house near his own residence when he spotted Carlton carrying firearms and other items out of Mecum's residence. Mecum jumped into his pickup truck, drove to his house, and rammed Carlton's vehicle as he attempted to escape. Carlton then fled on foot. He was apprehended minutes later by other Forsyth County deputies, who found several items in Carlton's possession, including a .45 caliber pistol, .270 caliber rifle, and .30-.30 caliber rifle, which Carlton admitted stealing from Mecum. Thereafter, Carlton pled guilty to possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j).

In connection with Carlton's sentencing, the presentence investigation report recommended an offense level of 24 and a criminal history

category of VI for a sentencing range of 100 to 120 months imprisonment. That recommendation was based in part upon the attribution of a four-level offense level enhancement under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm "in connection with another felony offense," which was either a State-law felony breaking and entering or larceny offense relating to the theft of Mecum's weapons. Carlton made no objection to the presentence report, and the district court, adopting the findings in that report, sentenced him to 108 months imprisonment. This appeal followed.

## II

Carlton's principal argument on appeal is that the district court erred when it enhanced his offense level for possession of the stolen firearms "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(5). Because Carlton did not object during sentencing, our review is for plain error, governed by Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996); *United States v. Grubb*, 11 F.3d 426, 440 (4th Cir. 1993).

Rule 52(b) represents a "careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed." *United States v. Frady*, 456 U.S. 152, 163 (1982). Accordingly, the Rule strictly limits the authority of the appellate courts to recognize unobjected-to error. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993). Such error may be "noticed" only when it is "plain," affects "substantial rights," *id.* at 732 (quoting Fed. R. Crim. P. 52(b)), and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings," *id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

While perhaps not addressed as frequently as its companion prongs in the *Olano* analysis, Rule 52's requirement that the error be "plain" remains significant. According to the *Olano* Court, when putative errors were not brought to the district court's attention in a timely fashion, only "plain" errors — i.e., those that are "clear" or "obvious," at least at the time of appeal — merit appellate disruption of the finality achieved by the criminal trial process. *See Olano*, 507 U.S. at 734

(citing *United States v. Young*, 470 U.S. 1, 17 n.14 (1985); *Frady*, 456 U.S. at 163). This policy is shaped by at least two principles. First, to encourage defendants to raise all relevant objections before the tribunal that can most easily and efficaciously correct them, the Supreme Court has admonished that Rule 52(b) is "to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Frady*, 456 U.S. at 163 n.14 (citing *United States v. Gerald*, 624 F.2d 1291, 1299 (5th Cir. 1980); *United States v. DiBenedetto*, 542 F.2d 490, 494 (8th Cir. 1976)). Unless an error is immediately "clear" or "obvious," those who would argue that the error's oversight was a "miscarriage of justice" face an uphill battle. Second, the district courts play a critical role in the development of unclear matters of federal criminal law. Absent the district courts' consideration of difficult questions, appellate courts will be less certain that they have considered the full panoply of relevant arguments and facts before reaching their own conclusions. *Cf. Good News Club v. Milford Cent. Sch.*, ___ U.S. ___, ___, 2001 WL 636202, at *22 (2001) (Souter, J., dissenting) ("[A]n issue as first conceived may come to be seen differently as a case moves through trial and appeal; we are most likely to contribute something of value if we act with the benefit of whatever refinement may come through the course of litigation").

In this case, Carlton contends that the district court committed plain error in determining that he possessed a firearm "in connection with another felony offense," leading to a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(5). Carlton challenges two aspects of that finding. First, arguing that the district court's determination that he possessed the firearms *in connection with* the breaking and entering and larceny was error, he asserts that the firearms did not facilitate his breaking and entering or larceny of Mecum's property. Second, he contends that neither the breaking and entering nor the larceny constituted a *separate felony offense* from the offense of conviction — possession of the stolen firearms.

With respect to the first point, Carlton notes that we have held that a court may find that a firearm was used "in connection with" another felony offense under § 2K2.1(b)(5) if the use or possession "facilitates or has a tendency to facilitate the felony offense." *United States v. Garnett*, 243 F.3d 824, 829 (4th Cir. 2001) (citing *United States v.*

*Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996)). He thus contends that because the role of the firearms in the specified crimes was merely fortuitous — i.e., he happened to pick up the first thing of value he found in Mecum's house — the district court could not have concluded that the weapons were possessed "in connection with" the larceny and breaking and entering.

But Carlton's very arguments suggest that the application of the governing legal standard — whether the possession of a firearm facilitated or potentially facilitated the offense — turned largely upon the specific factual nuances of this case, and the district court's assessment of those nuances is due substantial deference. *See* 18 U.S.C. § 3742(e); *Buford v. United States*, 121 S. Ct. 1276, 1279-81 (2001); *see also United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (noting that the district court is entitled to rely upon the facts alleged in the presentence report). In addition, the Fifth Circuit has held that in certain circumstances, the larceny of a firearm can constitute its possession "in connection with" the larceny for the purposes of § 2K2.1(b)(5). *See United States v. Armstead*, 114 F.3d 504, 511-12 (5th Cir. 1997); *United States v. Guerrero*, 5 F.3d 868, 872 (5th Cir. 1993) ("'[I]n connection with' does not necessarily exclude possessing the firearms as fruits of the crime the possessor is contemporaneously committing"); *see also United States v. Szakacs*, 212 F.3d 344, 349 (7th Cir. 2000) (stating that the court did "not necessarily disagree with" this reasoning in *Guerrero*); *cf. Garnett*, 243 F.3d at 829-30 (noting that the exchange of a firearm for drugs constitutes the "use" of that firearm "in connection with" the drug sale under § 2K2.1(b)(5)). Following the reasoning adopted by the Fifth Circuit, the district court could have determined that Carlton was emboldened in his misdeeds by his possession of the firearms, prompting him to steal more items than he otherwise would have, or that the firearms had the *potential* to facilitate the crime or his escape. *See Armstead*, 114 F.3d at 511-12; *Guerrero*, 5 F.3d at 873.

Concededly, we do not know the district court's precise findings on this point (other than the general finding that the firearms were used in connection with the larceny and breaking and entering), but this is so only because Carlton did not raise this objection before the district court. Because he failed to do so, Rule 52(b) requires that he show not that the sentencing court's calculation *might* have been problem-

atic, but rather that it was error and the error is *plain*. And in light of the precedent from our sister circuit and the lack of a clear statement from us on the subject, *see United States v. Neal*, 101 F.3d 993, 998 (4th Cir. 1996) (noting that other circuit cases may be relevant to the determination whether an error is plain), we cannot say that any error in the district court's determination that Carlton possessed the stolen firearms "in connection with" the larceny is sufficiently plain to justify reversal.

The second prong of Carlton's attack focuses on the language that follows the "in-connection-with" language in § 2K2.1(b)(5) — i.e., "another felony offense." He points to a Sixth Circuit decision in which the defendant, after stealing firearms from a pawn shop, was convicted of transporting those stolen weapons, in violation of 18 U.S.C. § 922(i), and being a convicted felon in possession of the firearms, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Sanders*, 162 F.3d 396, 397-98 (6th Cir. 1998). The government requested the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) on the basis that the defendant had possessed the firearms in connection with the State-law burglary of the firearms. *See id*. at 398. The Sixth Circuit rejected that request, reasoning that because the guideline contemplates the possession of the firearm in connection with *another* felony offense, it implicitly requires "a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." *Id*. at 400. Since the court found that the State-law burglary and the subsequent possession and transportation of the weapons arose "from the same conduct," it concluded that the enhancement was inappropriate. *Id*.; *accord Szakacs*, 212 F.3d at 351. Carlton argues that because the facts in this case parallel those in *Sanders*, the district court committed plain error in this case when it found that at least one of the State-law crimes constituted a felony offense separate from the federal crime of possession of a stolen firearm.

Again, however, we fail to see how the error here, if any, was sufficiently "clear" and "obvious" to warrant reversal under Rule 52(b). The Fifth Circuit has adopted a rule directly contrary to the Sixth Circuit's, holding that State-law burglary could constitute a felony offense separate from theft of firearms from a licensed dealer in viola-

tion 18 U.S.C. § 922(u), even though precisely the same acts gave rise to liability for both crimes. *See Armstead*, 114 F.3d at 511-13. Moreover, two judges in the Sixth Circuit have voiced their disagreement with the *Sanders* rule. *See United States v. McDonald*, 165 F.3d 1032, 1037-38 (6th Cir. 1999) (Wellford, J., concurring); *Sanders*, 162 F.3d at 403-05 (Kennedy, J., concurring in part and dissenting in part). And we have not expressed our opinion on this issue. Nor need we do so here, for it is axiomatic that an error cannot be "clear" or "obvious" in this Circuit when neither we nor the Supreme Court have spoken on the issue, and other circuits are split. *See Neal*, 101 F.3d at 998 (citing *United States v. Alli-Balogun*, 72 F.3d 9, 12 (2d Cir. 1995)). Accordingly, we conclude that the district court did not commit plain error when it enhanced Carlton's offense level under U.S.S.G. § 2K2.1(b)(5).

## III

Carlton's counsel has also filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two additional objections. After carefully reviewing the entire record in accordance with *Anders*, we find no reversible error.

First, Carlton argues that the district court erred when it assessed criminal history points under the Sentencing Guidelines for two of Carlton's juvenile convictions. But the Guidelines specifically provide that when a defendant is confined for at least 60 days as a result of a juvenile conviction, two points must be added to the defendant's criminal history score "if the defendant was released from such confinement within five years of his commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(A). Carlton served six months and 18 days for the two juvenile convictions that were counted by the district court, and he was released from confinement for both offenses on September 26, 1996 — within five years of the commission of the offense in this case in 1999. Accordingly, the district court did not err when it added two points to Carlton's criminal history score for each of these convictions. *See United States v. Daniels*, 929 F.2d 128, 130 (4th Cir. 1991).

Second, Carlton argues that the district court erred when it chose 108 months as the appropriate amount of imprisonment within the

guideline range. Because we have no jurisdiction to review a district court's decision to impose a particular amount of imprisonment within the applicable range, we cannot reverse on this basis. *See* 18 U.S.C. § 3742(a); *United States v. John*, 935 F.2d 644, 648 n.5 (4th Cir. 1991) (citing *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990)).

## IV

For the reasons given, the judgment of the district court is

*AFFIRMED*.