**UNITED STATES of America,**

v.

**Michael Glenn BENTLEY, Defendant.**

**No. CRIM.A.5:98CR123–8–V.**

United States District Court,
W.D. North Carolina,
Statesville Division.

July 19, 2002.

---

**448**

Gretchen C.F. Shappert, Esq., U.S. Attorney's Office, Charlotte, NC, for U.S.

### *ORDER*

RICHARD L. VOORHEES, District Judge.

**THIS MATTER** is before the Court on Defendant's "Motion Pursuant to Fed. R.Crim. Proc. Rule 52(b) Plain Error or in the Alternative Rule 12(b)(2)," filed May 28, 2002. In his Motion, Defendant asserts that his sentence was entered in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that he was prejudiced by ineffective assistance of counsel. On June 18, 2002, the Court ordered the Government to respond to the allegations raised in Defendant's Motion, which Response was filed on July 11, 2002.

As an initial matter, Defendant has previously raised these issues with this Court. On June 22, 2001, Defendant filed a "Motion to Adopt Co–Defendant's Motions," which motions essentially moved for a reduction in Defendant's sentence because the drug amount was not alleged in his indictment—the same argument that forms the basis of his current Motion with respect to the *Apprendi* claim. On July 5, 2001, this Court entered an Order denying Defendant's Motion to Adopt Co–Defendant's Motions on both procedural and substantive grounds. Specifically, this Court found that Defendant's plea agreement provided the basis for the drug amounts attributable to him. In his plea agreement, Defendant agreed that at least 1000 kilograms but not more than 3000 kilograms of marijuana was known or reasonably foreseeable by him. (Plea Agreement ¶ 3.a.) Accordingly, no factual finding as to drug amounts was necessary, by the Court or a jury. Furthermore, Defendant was sentenced below the statutory maximum applicable to a conviction based on the amount agreed to in the plea agreement. That is, based on his plea agreement, Defendant was exposed to a sentence between ten (10) years and life in prison. On August 21, 1999, Defendant was sentenced to 120 months in prison—well below the statutory maximum. Defendant's current Motion, therefore, is more

properly construed as a motion to reconsider this Court's prior Order. As such, his Motion is denied.

It should also be noted that Defendant's Motion would be more properly construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In light of *United States v. Emmanuel,* 288 F.3d 644 (4th Cir.2002), however, the Court will not construe his current Motion as a § 2255 motion. The Court notes, however, that Defendant would likely be time-barred from filing a motion under § 2255, as such motions must be filed within one year of the date the judgment became final. *See* 28 U.S.C. § 2255. For purposes of the one-year statute of limitations period, Defendant's conviction became final on the date on which this Court entered its judgment of conviction, i.e., September 9, 1999, given that Defendant declined appellate review. *See United States v. Sanders,* 247 F.3d 139 (4th Cir.2001).

Defendant also attempts to rely on the Fourth Circuit's recent remand in the case of a co-defendant, *United States v. Walsh,* No. 01–4657. This unpublished Fourth Circuit opinion provides Defendant with no relief. *Walsh* involved a direct appeal and challenge based on *Apprendi;* the case at bar is a collateral challenge, barred by *Sanders* and by the statute of limitations.

In the alternative to these jurisdictional deficiencies, the Court will proceed to a discussion of the merits.

## I. DISCUSSION OF CLAIMS

### A. Defendant's Rule 52(b) Motion

■ Rule 52(b) does not provide Defendant the relief he is seeking. According to Rule 52(b): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b) (West 2001). Rule 52(b) provides an avenue of relief on **direct appeal**. *See United States v. Frady,* 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Carlton,* 13 Fed. Appx. 119, 2001 WL 739246 (4th Cir. July 2, 2001) (emphasis added). On appeal, the Rule "grants the courts of appeals the latitude to correct particularly egregious errors ... re-

gardless of a defendant's trial default." *Frady,* 456 U.S. at 163, 102 S.Ct. 1584. "Once the defendant's chance to appeal has been waived or exhausted, however, [courts] are entitled to presume [that the defendant] stands fairly and finally convicted, especially when, as here, [the defendant] already has had a fair opportunity to present his federal claims to a federal forum." *Frady,* 456 U.S. at 164, 102 S.Ct. 1584. Therefore, even if Rule 52(b) authorized this Court to grant the relief Defendant is requesting, his motion would fail because of the presumption of finality.

In an attempt to dissuade further frivolous filings, however, this Court notes that on the merits of a Rule 52 motion, Defendant's motion also falls. The first element of a Rule 52 motion is that an error exist and that the error be plain. Defendant pled guilty to conspiracy to possess with intent to distribute at least 1000 kilograms but not more than 3000 kilograms of marijuana, in violation of 21 U.S.C. § 846. According to 21 U.S.C. § 841(b)(1)(A), a person convicted of possessing 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana faces a sentence of at least ten (10) years to life imprisonment. Clearly Defendant's sentence falls within this range. Accordingly, there was no error, and Defendant's Motion must be denied.

### B. Defendant's Rule 12(b)(2) Motion

■ Defendant's Rule 12(b)(2) Motion must also be denied, on procedural and substantive grounds. First, the Court questions whether Defendant's Rule 12(b)(2) motion is timely. Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides, that "[d]efenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense *which objections* shall be noticed by the court at any time *during the pendency of the proceedings*) ...." must be raised prior to trial. Fed.R.Crim.P. 12(b) (emphasis added). Defendant pled guilty to his offense on September 14, 1998, was sentenced on August 21, 1999, and judgment was entered September 9, 1999. Defendant failed to appeal his conviction and sentence,

and the time to do so has expired; with it, so has any motion under Rule 12(b)(2). *See United States v. Davis,* 2001 WL 735897 (4th Cir.2001) (unpublished) (*citing United States v. Wolff,* 241 F.3d 1055 (8th Cir.2001) (interpreting Rule 12(b)(2) language "during the pendency of the proceedings" to extend only through direct appeal)).

Notwithstanding the above reasoning, the Court finds that the indictment is not fatally flawed. The Fourth Circuit's recent opinion in *United States v. Promise,* 255 F.3d 150 (4th Cir.2001) (en banc), is controlling. In *Promise,* the Fourth Circuit held that "specific threshold drug quantities" are elements of "aggravated drug trafficking offenses" under 21 U.S.C. § 841 and, as such, must be charged in the indictment and proved beyond a reasonable doubt to the jury. *Id.* at 156–57. The failure to do so, however, does not render a Defendant's criminal conviction invalid. *See id.* at 160 (stating "we conclude that the error was not in [the defendant's] conviction .... The problem, therefore, lies with [the defendant's] sentence."). In other words, if the indictment were deemed to be deficient, a sentence above the statutory maximum would not be authorized. Defendant was sentenced to 120 months, which is less than the statutory maximum of life for his offense. Thus, despite the technical deficiency in the indictment, and assuming Defendant was able to bring his claim pursuant to Rule 12(b)(2), Defendant would not be entitled to the relief he requests.

## II. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion Pursuant to Fed. R.Crim. Proc. Rule 52(b) Plaint Error or in the Alternative Rule 12(b)(2)," is hereby **DENIED.**