## In re ROSENBERG.

(District Court, W. D. Pennsylvania. April 16, 1925.)

No. 11616.

Bankruptcy ⬰400(4)—Evidence held insufficient to establish concealment of assets.

The burden of proving concealment of assets by a bankrupt rests on a creditor alleging it, and the fact of a discrepancy between a financial statement made by bankrupt and the assets scheduled is not sufficient to outweigh his testimony, which shows that the statement must have been incorrect.

In Bankruptcy. In the matter of Meyer R. Rosenberg, individually and trading as the Rosenberg Shoe Company, bankrupt. On review of order of referee dismissing exceptions to allowance of exemptions. Order confirmed.

I. A. Melnick and David S. Keilly, both of Pittsburgh, Pa., for bankrupt.

Harry Ravick, of Pittsburgh, Pa., for Ideal Specialty Shoe Co.

Lambert Turner and Weil, Christy & Weil, all of Pittsburgh, Pa., for Selz, Schwab & Co.

GIBSON, District Judge. A creditor in above matter objected to the allowance of exemption to the bankrupt on the ground: "(1) Creditor believes that bankrupt obtained credit through false and fraudulent statements; (2) creditor is of the opinion that the bankrupt has concealed assets." The referee dismissed the exceptions, and the matter has been certified to this court for review.

As to the first exception: The referee has found that the evidence does not sustain the claim that goods were obtained by means of false and fraudulent statements. It was shown that the bankrupt had given a statement which did not correctly set forth his financial condition, but no goods had been obtained by means of it.

The charge of concealment of assets is based entirely upon the financial statement hereinbefore mentioned. We quite agree with the learned referee when he holds that the testimony plainly establishes the fact that the statement was incorrect but does not establish a concealment of assets. We adopt as our own the following quotation from the referee's report:

"The burden is on the excepting creditor to prove the alleged concealment of assets. This may be proved by circumstantial evidence, as by showing that the bankrupt recently had assets which have unaccountably disappeared. The financial statement relied upon to show such a disappearance, while evidence against the bankrupt, is not conclusive evidence against him, and is not sufficient to outweigh his sworn testimony which shows that the financial statement must have been wrong. The assumption that the bankrupt made a 25 per cent. gross profit is not established by the evidence, and cannot sustain a calculation to show merchandise not accounted for. The witnesses' account of bankrupt's operations from the beginning of business to the time of bankruptcy, while not wholly satisfactory or free from inconsistency, is not so incredible or defective as to convict him of concealing assets. The second ground of exception is not proved."

### Order of Court.

And now, to wit, April 16, 1925, the order of the referee in bankruptcy in and for Allegheny county, allowing exemption to above-named bankrupt, having come on to be heard, upon consideration thereof, it is ordered and adjudged that the exceptions to said order of the said referee be dismissed, and that said order be, and the same hereby is, confirmed.