**In re H. Peter DAVIDSON, Patrick J. Dyer and David Dunn, Appellants.**

**No. 89–2774.**

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1990.

**1250**

Robert J. Sussman, Hinton, Sussman & Bailey, Houston, Tex., for Davidson.

D. Bobbitt Noel, Jr., Vinson & Elkins, Houston, Tex., for Dunn and Dyer.

Kenneth L. Everett, Morris & McVeigh, New York City, for amicus-Klockner.

Rick L. Oldenettel, John Wesley Wauson, Oldenettel & Wauson, Houston, Tex.

Kathlyn G. Snyder, Asst. Atty. Gen., Paula Offenhauser, Asst. U.S. Atty., Appellate Div., Houston, Tex., for Judge Hittner.

Before BROWN, WILLIAMS, and JONES, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This is an appeal from a judgment of criminal contempt entered by the Honorable David Hittner of the United States District Court for the Southern District of Texas. We reverse the judgment, holding that it was entered in contravention of the substantial Constitutional rights of the alleged contemnors.

### Facts

This case arises out of the operative facts described in our opinion, entered this day, in *Davidson Oil Country Supply Co., Inc. v. Klockner, Inc.*, 908 F.2d 1238 (5th Cir.1990).

More than a year after judgment was entered, Klockner obtained an emergency temporary restraining order (TRO) prohibiting DOCS from,

> Taking any action whatsoever to obtain or cause the transfer, application, setoff or encumbrance of any and all funds on deposit with Citibank, N.A. in the name of [DOCS]....

This TRO was extended by Judge Hittner when he heard the motions for preliminary injunction (by Klockner) and to dissolve the TRO (by DOCS) on June 12, 1989. At that time DOCS was also ordered to post a one million dollar supersedeas bond.

On June 13, 1989, DOCS filed a New York state court interpleader action in an effort to establish the relative rights of Klockner and Citibank to DOCS's funds on deposit at Citibank. This interpleader did not require the transfer of funds into the registry of the court.

On June 14, 1989, Klockner filed an application for an Order to Show Cause, asking that DOCS be held in contempt for filing the interpleader and failing to file the supersedeas.

Judge Hittner issued a Show Cause Order the very next day.

> ORDERED, ADJUDGED and DECREED that [DOCS] appear before the Court by and through its Officers and Directors, including Peter Davidson, Chairman of the Board of [DOCS] and all other agents, servants and employees, who were involved in the decision to file an interpleader action in the State of New York and the failure to file a supersedeas bond, appear before this Court on the 16th day of June, 1989, at 2:00 p.m., and show cause why they should not be held in contempt of Court for violation of the [TRO] ... and for violation of this Court's further order of June 12, 1989, requiring the posting of a supersedeas bond in the amount of $1,000,000.00.

Peter Davidson, and DOCS's attorneys Patrick Dyer, David Dunn and Eugene Wilshire appeared at the June 16, 1989 hear-

ing. Notably absent from the hearing was the United States Attorney or any other independent prosecutor appointed by Judge Hittner.

Mr. Oldenettel, Klockner's attorney, presented a statement at Judge Hittner's request, explaining why DOCS's principals and/or attorneys should be held in contempt. Judge Hittner interrupted frequently with questions. He also asked questions directly of Mr. Dyer and Mr. Dunn, two of DOCS's lawyers ultimately held in contempt. No prosecution "case" was put on other than Mr. Oldenettel's argument. Peter Davidson testified in defense.

Judge Hittner found Peter Davidson, Patrick Dyer and David Dunn in contempt. When the final order was issued on July 6, 1989, it stated for the very first time that these parties had been adjudged guilty of *criminal contempt* for "knowingly, willfully and intentionally" violating the TRO. Each was fined $250.00.

### Analysis

 The manner in which this hearing was handled convinces us that either (i) Judge Hittner tacitly appointed Klockner's counsel as prosecutor or (ii) Judge Hittner himself acted as prosecutor. Either constitutes reversible error.

It is beyond any question or doubt the rule in this country that *"counsel for a party that is the beneficiary of a court order may not be appointed as prosecutor in a contempt action alleging a violation of that order."* *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 809, 107 S.Ct. 2124, 2138, 95 L.Ed.2d 740, 759 (1987) (emphasis added).

The Fifth Circuit has adopted as its own rule the position put forth by a plurality of the *Young* Court that "where, as here, there is a *Young* violation, 'harmless error analysis is inappropriate.'" *Matter of Hipp, Inc.*, 895 F.2d 1503, 1509 (5th Cir. 1990). Thus Klockner, who benefitted di-

rectly from the order allegedly violated, could not prosecute this case.

 Judge Hittner, likewise, could not prosecute the contempt and at the same time act as Judge. The prosecution of contempt charges is not an exercise of the judicial power except where needed to protect the court's ability to function.[1] *Young*, 481 U.S. at 815–16, 107 S.Ct. at 2142, 95 L.Ed.2d at 763–64 (Scalia, J. concurring).

REVERSED.

---

1. *See* F.R.Crim.P. 42(a), allowing judges to summarily punish criminal contempts that are committed in the actual presence of the court.