UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4042

MICHAEL A. SCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-99-89, CA-99-180-2)

Submitted: April 25, 2000

Decided: June 19, 2000

Before WIDENER, WILLIAMS, and KING,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Michael A. Scott, Appellant Pro Se. Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia; Karin Fleming Richards, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael A. Scott appeals his conviction and sentence for contempt of court in violation of 18 U.S.C. § 401(3) (1994). We find that the district court erred by not appointing an independent prosecutor. Accordingly, we vacate Scott's conviction and remand for further proceeding.

Because criminal contempt is a crime, the defendant is normally provided with fundamental procedural safeguards. See Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798-99 (1987). "The procedures attendant to the prosecution of a criminal contempt charge depend largely upon whether the conduct constitutes direct or indirect contempt." United States v. Neal, 101 F.3d 993, 997 (4th Cir. 1996). Direct contempt is conduct that occurs "in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where imme-diate punishment is essential to prevent demoralization of the court's authority before the public." In re Oliver , 333 U.S. 257, 275 (1948) (internal quotation marks omitted). Direct contempt may be punished summarily, without some of the procedural safeguards that attend a criminal prosecution. See Fed. R. Crim. P. 42(a). "In a summary pro-ceeding for direct criminal contempt, the otherwise inconsistent func-tions of prosecutor, jury and judge mesh into a single individual." Neal, 101 F.3d at 997 (internal quotation marks omitted).

Indirect contempt is conduct that does not occur within the pres-ence of the court and must be proved through the testimony of third parties. See id. We stated in Neal that:

> The inherent power of the court to punish indirect contempt
> is limited because conduct occurring out of the presence of

2

the court does not threaten[ ] a court's immediate ability to conduct its proceedings. Thus, indirect contempt may never be punished summarily, but rather requires adherence to more normal adversary procedures.

Id. (internal quotation marks and citations omitted; alteration in original). We further stated that "[a]mong those procedures that are fundamental to our adversary system is the use of an independent prosecutor to pursue charges against a criminal defendant. It is axiomatic that the prosecution of crimes is not a proper exercise of the judicial function." Id. We further stated that:

> [t]he melding of the judicial and prosecutorial functions is a fundamental error that undercuts the dispersion of power among the branches and, as a result, casts doubt on the integrity of the judicial process. To allow a district court to investigate the matter, call the witnesses for the prosecution, conduct the direct examination of them, and sit in judgment of the defendant undoubtedly undermines the fairness, integrity, and public reputation of judicial proceedings.

Id. at 999-1000.

The charge of criminal contempt in Scott's case was a charge of indirect contempt because the conduct giving rise to the charge occurred outside the presence of the district court. We therefore find that the court should have assigned an independent prosecutor to prosecute the charges. However, we find that the district court did not err in denying Scott's motion to recuse.

Accordingly, we vacate the district court's judgment and remand for further proceedings. The district court should appoint an independent prosecutor if it decides to pursue criminal contempt charges against Scott. We also deny Scott's motion for a stay of further execution of sentence; he may take this matter up before the district court on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

VACATED AND REMANDED

3