UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4295

KEITH MARTIN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                      No. 99-4328

SAMUEL AVANT HAMILTON, a/k/a
Samuel Brown, a/k/a Little Sam,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-943)

Submitted: September 29, 2000

Decided: January 10, 2001

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

## COUNSEL

John D. Elliott, Columbia, South Carolina; Mark C. Brandenburg, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina; Dale T. Cobb, Jr., BELK, COBB, CHANDLER & GOLDSTEIN, Charleston, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Keith Martin and Samuel Avant Hamilton appeal from sentences of 365 months and life, respectively, following their convictions for conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, 21 U.S.C. § 846 (1994), and possession with the intent to distribute crack cocaine, 21 U.S.C. § 841(a) (1994). Hamilton also appeals from his life sentence for conspiracy to launder money, 21 U.S.C.A. § 1956(h) (West Supp. 2000), and Martin appeals from his conviction and consecutive twelve month sentence for summary criminal contempt. We affirm in part, vacate Martin's contempt conviction, and remand this case for further proceedings.

Martin and Hamilton claim on appeal that they were entitled to examine the specific sentences that the Government's cooperating witnesses hoped to avoid and the specific benefits that they sought to receive as a result of their substantial assistance to the Government; they also contend that the Government's witnesses should not have been permitted to testify in return for the potential reduction in their sentences under Fed. R. Crim. P. 35. This court has previously rejected both claims in United States v. Cropp , 127 F.3d 354, 429 (4th

2

Cir. 1997), and <u>United States v. Richardson</u>, 195 F.3d 192, 196-97 (4th Cir. 1999), <u>cert. denied</u>, ___ U.S. ___, 120 S. Ct. 837 (2000). Because a panel of this court cannot depart from Circuit precedent, <u>see United States v. Burgos</u>, 94 F.3d 849, 860 n.1 (4th Cir. 1996) (en banc), we conclude that these claims lack merit. Thus, we affirm Hamilton's money laundering conviction, as well as Hamilton's and Martin's drug-related convictions.

Martin also challenges the validity of his summary criminal contempt conviction. We have reviewed the record and find no certification or other indication that the contumacious conduct occurred in the actual presence of the judge. <u>See</u> Fed. R. Crim. P. 42(a). Accordingly, we vacate Martin's contempt conviction and remand to the district court for further proceedings consistent with Fed. R. Crim. P. 42(b). <u>See Groppi v. Leslie</u>, 404 U.S. 496, 504 n.8 (1972); <u>United States v. Neal</u>, 101 F.3d 993, 997 (4th Cir. 1996).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

3