**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

KEITH G. MARTIN, a/k/a Beach Boy,
            *Defendant-Appellant.*

No. 01-4399

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-943)

Submitted: September 30, 2002

Decided: October 23, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Keith G. Martin, Appellant Pro Se. Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Keith G. Martin was convicted by a jury of conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base, 21 U.S.C. § 846 (2000), and possession with the intent to distribute cocaine and cocaine base (two separate counts), 21 U.S.C. § 841(a) (2000). Martin was sentenced to 365 months' imprisonment for conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base, 240 months for possession with the intent to distribute cocaine, 365 months for possession with intent to distribute cocaine base, and 12 months for contempt, only the latter to run consecutively. While his appeal was pending in this court, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant's counsel, however, did not at any time file a supplement raising any *Apprendi* issue. On direct appeal, this court affirmed Martin's drug-related convictions, but vacated Martin's criminal contempt conviction, finding no certification or other indication that the contumacious conduct occurred in the actual presence of the judge, and remanded to the district court for proceedings consistent with Fed. R. Crim. P. 42(b). *United States v. Martin*, No. 99-4295, 2001 WL 22910 (4th Cir. Jan. 10, 2001) (unpublished).

At resentencing, on remand, the district court vacated the contempt conviction, but reimposed the same sentence that was initially given with regard to the other convictions. Defense counsel raised no other issues, except as to whether Martin would get credit for time already served. The amended judgment was entered on May 11, 2001, again sentencing Martin to 365 months for conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, 240 months for possession with intent to distribute cocaine, and 365 months for possession with intent to distribute cocaine base, all to run concurrently. Martin, proceeding pro se, now appeals from the amended judgment.

On appeal, Martin first contends that the district court failed to apply the rule announced in *Apprendi* during resentencing. Specifically, he maintains that because the indictment against him did not specify any particular threshold quantity and was therefore not sub-

mitted to a jury, his 365-month sentence exceeds the 20-year statutory maximum of 21 U.S.C. § 841(b)(1)(C) (2000), as explained in *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 2296 (2002). Second, Martin argues that the district court could correct this plain error under Fed. R. Crim. P. 35. Third, Martin maintains that counsel was ineffective for failing to move to correct the illegal sentence at resentencing.

Because the indictment did not properly charge Martin with an aggravated drug offense sufficient to support his sentence and because Martin did not object to his sentence below, this court reviews for plain error whether Martin's enhanced sentence was erroneous. *United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002). To find plain error, this Court must find that an error occurred, that the error was plain, and that the error affected Martin's substantial rights. *Promise*, 255 F.3d at 154. If the first three conditions are met, correction of the error remains within this court's discretion, which the court should not exercise unless the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* We assume, without deciding, that an *Apprendi* claim could have been raised for the first time at resentencing.

We need not, however, conduct the plain-error analysis that was conducted in *Cotton* because in this case, there are multiple counts of conviction, and the Sentencing Guidelines require the sentencing court to impose consecutive sentences to the extent necessary to achieve a sentence within the guidelines range. *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000); *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, 528 U.S. 1074 (2001).

Martin was convicted of multiple violations of 21 U.S.C. §§ 841 and 846. The sentences he seeks to appeal do not exceed, in the aggregate, the applicable statutory maximum penalties even if 20 years were the maximum on each count. Martin was subject to a maximum sentence of 60 years (3 counts multiplied by 20 years maximum for each count), i.e. 720 months. *See* 21 U.S.C. § 846 (providing that a drug trafficking conspiracy is subject to the same penalty as the offense intended by the conspiracy). The sentence imposed is valid under the stacking reasoning this court articulated in *White* because the aggregate statutory maximum for each count is 720 months, while

Martin's concurrent sentences total only 365 months, which was within the guideline range of 292-365 months. Under *White*, such stacking, even if not expressly articulated, does not violate Martin's substantial rights, and therefore his sentence was proper. *White*, 238 F.3d at 541-43. In light of this disposition, we find it unnecessary to address Martin's claim regarding the district court's ability to recognize the error under Fed. R. Crim. P. 35, and his ineffective assistance of counsel claim. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991) (generally, claims of ineffective assistance of counsel will not be considered on direct appeal unless counsel's ineffectiveness conclusively appears on the face of the record).

Accordingly, we affirm Martin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*