**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4131**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CONNELL LEE BERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-03-58)

Argued:  October 29, 2004              Decided:  January 4, 2005

Before WILKINS, Chief Judge, and TRAXLER and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.  Judge Gregory wrote a dissenting opinion.

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, James E. Todd, Jr., Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Connell Lee Berry appeals a $10,000 forfeiture requirement imposed on him as part of his sentence for three drug offenses. We affirm.

## I.

Berry was charged with conspiring to distribute and to possess with the intent to distribute more than 50 grams of cocaine base, see 21 U.S.C.A. § 846 (West 1999) (Count One); distributing more than 50 grams of cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1999) (Count Two); and distributing more than five grams of cocaine base, see id. (Count Three). The indictment also contained a notice alleging the Government was entitled to forfeiture of at least $10,000 of Berry's assets. See Fed. R. Crim. P. 32.2(a).

Berry pled guilty to all three counts without a plea agreement. The Government then proffered that Berry's offenses included the sale of 56.4 grams of cocaine base for $1,800 and the sale of 12.9 grams of cocaine base for $475. Later the same day, the district court entered an order documenting the forfeiture of $10,000 to the United States. The district court clerk subsequently entered a judgment against Berry for the $10,000 forfeiture.

The district court sentenced Berry to 120-month terms of imprisonment on Counts One and Two and a 108-month term on Count

2

Three, all to be served concurrently. The court also imposed concurrent five-year terms of supervised release and ordered Berry to pay a $5,000 fine. Although the fine amount was below the $15,000-to-$10,000,000 range prescribed by the guidelines, see United States Sentencing Guidelines Manual § 5E1.2(c) (2002); 21 U.S.C.A. § 841(b)(1)(A), (B) (West 1999 & Supp. 2004), the court found that Berry would not be able to satisfy a fine in the guideline range. The district court also ordered that as a special condition of Berry's supervised release, he would forfeit the property specified in the forfeiture order.

## II.

Berry contends that the district court erred in ordering him to forfeit $10,000 in the absence of evidence linking assets in that amount to his drug trafficking crimes. He concedes that he never objected to the order and thus that we should conduct plain error review.[1]

Our authority to correct forfeited errors is granted by Federal Rule of Criminal Procedure 52(b), which provides that "[a] plain error that affects substantial rights may be considered even

---

[1]The Government maintains that Berry waived review of the forfeiture order by virtue of his guilty plea and his failure to contest the Government's forfeiture allegation. The Government therefore contends that we should not review the forfeiture order even for plain error. In light of our conclusion that Berry cannot satisfy the plain error requirements, we do not address this waiver argument.

3

though it was not brought to the court's attention." In order to establish our authority to notice an error not preserved by timely objection, Berry must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Even if Berry can satisfy these requirements, correction of the error remains within our discretion, which we "should not exercise ... unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks & alteration omitted).

Here, even if we assume that ordering the forfeiture constituted plain error, Berry cannot demonstrate that the error affected his substantial rights, i.e., that it was prejudicial. See id. at 734; United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998) (explaining that an error is prejudicial when it "actually affected the outcome of the proceedings"). That is so because the amount of the fine imposed was based on Berry's ability to pay, and the fine and the forfeiture were part of the single, integrated sentence. Berry has failed to show that any reduction in the amount of the forfeiture would not simply have resulted in a commensurate increase in the amount of the fine imposed.[2]

---

[2]We note that even were we to hold that Berry demonstrated plain error affecting his substantial rights, we would decline to exercise our discretion to notice the error under the specific facts of this case. Berry was aware of the forfeiture order and was the person best positioned to know whether it was based in

4

III.

In sum, because Berry has failed to show that he was prejudiced by the issuance of the forfeiture order he challenges, we affirm.

AFFIRMED

---

fact, yet he did not challenge it when given the opportunity; the forfeiture did not violate the Excessive Fines Clause of the Eighth Amendment; and, Berry will be able, via 28 U.S.C.A. § 2255 (West Supp. 2004) motion, to challenge his counsel's failure to object.

GREGORY, Circuit Judge, dissenting:

I respectfully dissent. I would hold that the district court committed plain error in imposing a forfeiture on Berry without the required "factual nexus" between the forfeiture amount and his drug crimes.

I.

Criminal forfeiture is authorized by 21 U.S.C. § 853, which provides for the forfeiting of property "constituting, or derived from any proceeds the person obtained, directly or indirectly, as the result of" certain controlled substance violations. 21 U.S.C. § 853(a)(1) (1999). Property "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" such a violation is likewise subject to forfeiture. Id. § 853(a)(2).

In Libretti v. United States, 516 U.S. 29 (1995), the Supreme Court considered 21 U.S.C. § 853 and held that criminal forfeiture "is less a substantive offense and more an element of the offender's sentence." United States v. White, 116 F.3d 948, 950 (1st Cir. 1997) (citing Libretti, 516 U.S. at 39). Because forfeiture is part of the sentence, the requirements of Fed. R. Crim. P. 11 do not apply. Libretti, 516 U.S. at 39-41. "This does not mean, however, that the government can forfeit assets for the asking." White, 116 F.3d at 950. Rather, the Libretti Court made clear that "§ 853 limits forfeiture by establishing a factual nexus

6

requirement:  Only <u>drug-tainted</u> assets may be forfeited."  516 U.S.
at 42 (emphasis added).  Thus, the Government must establish a
connection between the forfeited property and the defendant's
criminal conduct.[1]

Fed. R. Crim. P. 32.2, which governs the procedure for the
forfeiture of assets in a criminal case, confirms this requirement.
It states, in part:

> If the government seeks a personal money judgment, the
> court must determine the amount of money that the
> defendant will be ordered to pay.  The court's
> determination may be based on evidence already in the
> record, including any written plea agreement or, if the
> forfeiture is contested, on evidence presented by the
> parties at a hearing after the verdict or finding of
> guilt.

Fed. R. Crim. P. 32.2(1).  <u>Libretti</u> noted that a district court did
not have to accept a defendant's agreement to forfeit property,
"particularly when the agreement is not accompanied by a
stipulation of facts supporting forfeiture, or when the trial judge
for other reasons finds the agreement problematic."[2]  519 U.S. at
43.  It also stated that in the case before it "we need not

---

[1]The preponderance of the evidence standard governs forfeiture
questions.  <u>United States v. Tanner</u>, 61 F.3d 231, 234 (4th Cir.
1995).

[2]The Government urges us to read this statement to mean that
while the district court does not have to rely upon a stipulation
in a written plea agreement, it has the discretion to accept the
Government's proffered forfeiture amount in the absence of any plea
agreement.  Appellee's Br. at 17.  Such an interpretation goes
beyond the holding of <u>Libretti</u> and is implausible in light of the
<u>Libretti</u> Court's reiteration that § 853 requires a "factual nexus."

7

determine the precise scope of a district court's independent obligation, if any, to inquire into the propriety of a stipulated asset forfeiture embodied in a plea agreement." Id. However, this was because "there is ample evidence that the District Court both understood the statutory requisites for criminal forfeiture and concluded that they were satisfied on the facts of this case at the time the sentence was imposed." Id. at 44.

## II.

As the majority notes, because Berry did not object to the order of forfeiture, the district court's decision to impose forfeiture in the amount of $10,000 is reviewed for plain error.[3] Fed. R. Crim. P. 52(b); United States v. Fant, 974 F.2d 559, 564 (4th Cir. 1992).

---

[3]While the majority declines to reach the Government's argument that Berry waived review of the forfeiture order by pleading guilty, I would find that a waiver did not occur. The Supreme Court's holding that forfeiture is part of a defendant's sentence and not a substantive charge, Libretti, 516 U.S. at 39-41, forecloses the Government's argument that Berry's guilty plea acted as a waiver to his right to challenge the forfeiture.

The Government also fails to demonstrate why this court should treat Berry's failure to object to his forfeiture amount differently from a failure to object to any other part of his sentence. For example, if the Government gave Berry notice that it planned to seek an upward departure under the Sentencing Guidelines and the district court imposed such departure without objection, Berry's argument on appeal that such a departure was unwarranted would clearly be subject to plain error review. I fail to see how the absence of an objection to the amount of forfeiture is distinguishable.

8

In this case, there were no "stipulated facts" concerning forfeiture for the district court to consider because Berry did not plead guilty pursuant to a written plea agreement. The district court judge also did not make any inquiry into what facts supported the forfeiture of $10,000. Similarly, the Government did not proffer any evidence to support a forfeiture of that amount. In short, no evidence supported a factual nexus between the drug crimes to which Berry pled guilty and the $10,000 forfeiture amount.[4] In light of the clear language of § 853, Rule 32.2, and the Court's holding in Libretti, this was "error" under prong one of the plain error analysis as set out in United States v. Olano, 507 U.S. 725, 732 (1993). This error was also "plain" under prong two because Libretti explicitly stated that § 853 included a factual nexus requirement. See Olano, 507 U.S. at 732 (explaining that "plain" is synonymous with clear or equivalently obvious); United States v. Neal, 101 F.3d 993, 998 (4th Cir. 1996) (explaining that an error is clear or equivalently obvious "if the settled law of the Supreme Court or this circuit establishes that an error has occurred").

---

[4]The record does not reveal any reason that the forfeiture amount was set at $10,000. The Presentence Investigation Report, issued on December 3, 2003, indicated that Berry had $15 in known assets and $212 in unsecured debt. Given that Berry's charged drug transactions only amounted to $2,275, it appears that the Government may have set this amount arbitrarily. At oral argument, the Assistant United States Attorney admitted that the record does not reflect how the $10,000 amount was calculated.

Although such error occurred, Berry must also demonstrate that the error affected his "substantial rights." In most cases, this means that the error must have been prejudicial in that it affected the outcome of the district court proceedings. Olano, 507 U.S. at 734. The majority reasons that any error did not affect Berry's substantial rights because his forfeiture and his fine were part of a single, integrated sentence in which the district court judge assessed a lower fine amount than that authorized by statute and the Sentencing Guidelines. However, in imposing a smaller fine, the district court judge specifically noted at sentencing: "The Court finds that you are without the ability to satisfy a fine in the prescribed range or pay interest." J.A. 36. This finding was in accordance with U.S.S.G. § 5E1.2, which gives a court authority to impose a smaller fine if the defendant establishes that he is unable or not likely to become able to pay all of the required fine. See U.S.S.G. § 5E1.2 (e).

The judge then noted that, "You will forfeit property to the United States as specified in the final order of forfeiture." J.A. 36. The judge did not mention the $10,000 forfeiture amount or tie that forfeiture amount to his finding that Berry was without the ability to pay the fine. Thus, neither the judge's findings at sentencing nor other evidence in the record support the majority's assertion that a reduction in the amount of forfeiture may have resulted in a commensurate increase in the amount of fine imposed.

10

The Fourth Circuit's decision in United States v. Maxwell, 285 F.3d 336 (4th Cir. 2002), supports a finding that this error affected Berry's substantial rights. In Maxwell, the court conducted plain error review when a judge sentenced a defendant to a longer term of supervised release than that allowed by statute. 285 F.3d at 339. After finding that prongs one and two of Olano were met, the court found that the error affected the defendant's substantial rights because "the terms and conditions of supervised release are a substantial imposition on a person's liberty." Id. at 342. Likewise, the forfeiture here is a term of Berry's supervised release. It is a term that will likely subject Berry to much financial hardship and also restrain him because he is now subject to a $10,000 debt after he serves his sentence—a considerable amount. Therefore, I would find that the district court's imposition of the $10,000 forfeiture as a condition of Berry's supervised release, without any evidence suggesting that such a forfeiture amount was correct, affected Berry's substantial rights.

The last consideration, whether this error seriously affects the fairness, integrity or public reputation of judicial proceedings, is usually more difficult to demonstrate. However, our holding in Maxwell suggests that it may be "fundamentally unfair" to uphold a plain error that substantially affects one's

11

rights during a sentencing proceeding, when a resentencing can easily occur.[5]  Specifically, the court stated,

> the restrictions on a person's liberty while serving a term of supervised release are quite substantial.  To refuse to order a resentencing when a defendant will be required to endure such restrictions on his liberty, including restrictions on his ability to travel, for nearly a year longer than required by law, strikes us as fundamentally unfair.

Maxwell, 285 F.3d at 342-43.  Similarly, it is "fundamentally unfair" to subject Berry to a $10,000 forfeiture when the terms of his supervised release can be easily modified at resentencing.  In this regard it is entirely reasonable to view a $10,000 forfeiture as just as, if not more, onerous than subjecting one to an additional eleven months of supervised release as in Maxwell.

Yet, aside from this "fundamental unfairness," this case involves broader concerns.  In Libretti, the Court recognized that

---

[5]There is some authority that unobjected to errors in sentencing should be reviewed with a less deferential standard as the costs of resentencing are lower than the costs of retrial.  In United States v. Sofsky, 287 F.3d 122 (2d Cir. 2002), the Second Circuit stated:

> We have also noted that noticing unobjected to errors that occur at trial precipitates an entire new trial that could have been avoided by a timely objection, whereas correcting a sentencing error results in, at most, only a remand for resentencing, or as, in this case, for a modification of the allegedly erroneous condition of supervised release. Accordingly, although the Government is correct that plain error review applies, it appears that in the sentencing context there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors.

Id. at 125.

12

it had previously found that broad forfeiture provisions, such as 21 U.S.C. § 853, "carry the potential for Government abuse and 'can be devastating when used unjustly.'" 516 U.S. at 43 (quoting Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 634 (1989)). "Nonetheless, [it] concluded that '[c]ases involving particular abuses can be dealt with individually by the lower courts, when (and if) any such cases arise.'" Id. (quoting Caplin & Drydale, 491 U.S. at 635). Because the facts of this case indicate that the Government imposed a forfeiture amount arbitrarily and without any factual nexus whatsoever to the drug crimes in question, I conclude that this is such a case of abuse.[6]

I believe such abuse seriously affects the fairness, integrity and public reputation of judicial proceedings. First, this overreaching implicates both the fairness and public reputation of our judicial system because it undermines a system that is built on finding facts only through evidence as well as on following procedural safeguards adequate to protect the public's rights. Second, and equally important, is that the forfeiture amount was imposed neither with any judicial finding that such an amount was appropriate nor any evidence in the record to justify a $10,000 forfeiture. In this regard, this case directly and seriously

---

[6]By using the term "abuse," I do not mean to suggest that the Government acted with any animus towards Berry.

affects the integrity of our judicial system, a system in which the judge must be the arbiter of such forfeiture findings.

## III.

Accordingly, as I would find that it was plain error to subject Berry to a $10,000 forfeiture without establishing a factual nexus between this amount and his drug crimes, I respectfully dissent.