**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4026**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LESTER ORR WEST,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:94-cr-00166-MR-CH-9)

———————

Submitted: September 24, 2008     Decided: October 14, 2008

———————

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, Executive Director, Ann L. Hester, Emily Marroquin, Steven G. Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Orr West appeals from the revocation of his supervised release and the imposition of a 33-month sentence for use of narcotics and committing a new violation of state law. With respect to the latter offense, West contends the district court violated his due process rights by revoking his supervised release based on a charge for which he did not receive adequate notice. While the district court held that West had violated the terms of his supervised release by possessing marijuana with intent to distribute, West asserts that the revocation petition cited only a pending state charge for felony possession of marijuana. West also claims the district court provided inadequate reasons for revoking his supervised release. Because West has failed to demonstrate that the district court committed reversible error, we affirm.

A preliminary issue in this case is the standard of review to be employed on appeal. While conceding that due process claims are generally granted de novo review, the Government contends that West's claims are subject to plain error review because he failed to object to the allegedly insufficient notice in the district court. However, West asserts that he "effectively raised his challenge" in the district court by asserting that the violation charged in the petition constituted a Grade B violation, not a Grade A violation. While his objection before the district court is related to the claim he now presents on appeal, West

2

nevertheless failed to bring his claim of insufficient notice to the attention of the district court. <u>See</u> Fed. R. Crim. P. 52(b). West's contention that his conduct was wrongly classified is not equivalent to asserting that the petition failed to provide adequate notice of the charges against him. Therefore, West failed to make a timely assertion of his due process rights before the district court. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993). Accordingly, any error by the district court is subject to plain error review. <u>Id.</u> at 731-32. Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. <u>Id.</u> at 732-37.

While revocation hearings are not part of a criminal prosecution, a defendant is nonetheless entitled to the "minimum requirements of due process," including "written notice of the claimed violations." <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972); <u>see also</u> Fed. R. Crim. P. 32.1(b)(2)(A); <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782 (1973). In the present case, even if the notice provided by the revocation petition was insufficient, West has nevertheless failed to demonstrate that this rises to the level of plain error. The plain error standard is satisfied when

3

the "settled law of the Supreme Court or this circuit" establishes that an error has occurred. <u>United States v. Neal</u>, 101 F.3d 993, 998 (4th Cir. 1996) (internal quotation marks and citation omitted). In the absence of such binding authority, decisions by other circuits courts may be considered. <u>Id.</u> In this case, not only are there no decisions by the Supreme Court or this court in regard to this particular issue, but the limited and varied rulings made by other circuits fail to establish any consistent standards that would indicate the error in this case was "clear" or "obvious." <u>See</u> <u>Olano</u>, 507 U.S. at 734.

Additionally, West has not demonstrated that this error was prejudicial and "affected the outcome of the district court proceedings." <u>Id.</u> Despite West's claims, the relevant issue is not whether he received a higher sentence as a result of the district court's finding of a Grade A violation, but whether the lack of adequate notice prejudiced his defense. Based on the record, there is no indication that West's defense would have been altered had he been provided with additional information regarding the charged violation, as West merely denied committing the offense and presented no defense in response to the evidence of distribution.

Finally, any error relating to the revocation petition did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 736-37.

4

Accordingly, even if the notice provided by the revocation petition was insufficient, West has failed to demonstrate that this constituted plain error.

West also contends that the district court provided inadequate reasons for revoking his supervised release. As part of the revocation hearing, the district court is required to produce a written statement of evidence and reasons for revoking supervised release. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (citing Black v. Romano, 471 U.S. 606, 610 (1985)). In lieu of a written statement, the district court may provide a transcribed oral finding "when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." Copley, 978 F.2d at 831.

In this case, the district court considered the Government's evidence, heard argument on the element of intent to distribute, and found that West "violate[d] the terms of his supervised release with regard to violation number [two] in that he did have felony possession of a Schedule VI controlled substance and the possession of drug paraphernalia as set forth in the petition."* While West contends the district court's ruling was ambiguous because the petition only alleged felony possession of

---

*When the Government responded by noting that marijuana was a "Schedule I" narcotic under federal law, the district court stated that it was "using the language that is set forth in the petition" and that the "specific finding that I would make is that he was in possession of marijuana with the intent to distribute it."

5

marijuana and the court failed to identify the "specific statute subsection upon which it was proceeding," these claims merely repeat West's prior assertions in regard to notice requirements. West has failed to demonstrate any error by the district court, as the evidence presented at the hearing and the ruling made by the district court clearly indicated that West's supervised release was revoked because he violated a condition of his release by possessing marijuana with intent to distribute. See Copley, 978 F.2d at 832. Therefore, the district court provided adequate reasons for revoking West's supervised release.

Accordingly, we affirm the district court's revocation of West's supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED