**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4762**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

    v.

IVEA MOSLEY, JR.,

       Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge.  (4:10-cr-00011-RBS-DEM-1)

Submitted:  April 18, 2011        Decided:  April 29, 2011

Before TRAXLER, Chief Judge, and WILKINSON and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Arenda L. Wright Allen, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Dee M. Sterling, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivea Mosley, Jr. pled guilty to driving under the influence, third offense, in violation of the Assimilative Crimes Act, 18 U.S.C. §§ 7 & 13 (assimilating Va. Code Ann. §§ 18.2-266, 270(C)(1) (2009)). The district court sentenced him to eighteen months' imprisonment. He appeals, arguing that the district court erred by imposing this sentence for the primary purpose of rehabilitation. Finding no reversible error, we affirm.

We review a district court's imposition of a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Mosley contends that the district court erred by relying primarily on a perceived need for rehabilitation and treatment in determining the length of the sentence imposed. In the proceedings below, Mosley did not mention 18 U.S.C. § 3582, the statute upon which he now relies, nor did he otherwise object to the district court's consideration of his need for alcohol rehabilitation when determining the length of Mosley's sentence. Because Mosley did not "sufficiently alert[] the district court" to the issue, United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010), we review his claim for plain error only.

2

Here, the district court sentenced Mosley to eighteen months' imprisonment for driving under the influence. The statutory range for this offense was ninety days to five years. The district court expressed its concern that this was Mosley's third conviction for this serious and dangerous offense, stated the need to deter Mosley from continuing this behavior and the need to protect the public from the dangers resulting from this criminal conduct. The district court also emphasized that Mosley had completed out-patient substance abuse treatment on two occasions and yet continued to experience problems with alcohol and continued to operate a motor vehicle while intoxicated. The court therefore determined that residential treatment focusing on alcohol abuse was needed, and that an eighteen-month term of imprisonment was necessary for Mosley to receive this intensive treatment, to deter further criminal activity and to protect the public.

While the district court clearly emphasized the importance of rehabilitation in determining the appropriate sentence, the court also considered the need for deterrence and the need to protect the public as important factors. As Mosley acknowledges, there is a split of authority as to the effect of § 3582(a). Compare United States v. Hawk Wing, 433 F.3d 622, 630 (8th Cir. 2006) ("[A]fter the district court chooses imprisonment as a proper punishment, it is not prohibited under

3

§ 3582 from considering correction and rehabilitation in determining the length of the imprisonment.") with In re Sealed Case, 573 F.3d 844, 849 (D.C. Cir. 2009) ("Given the plain language of sections 3553(a) and 3582(a), we agree . . . that sentencing courts may not treat rehabilitation as a reason for a longer term of imprisonment."). Given this split of authority, any error by the district court in considering rehabilitation cannot amount to plain error. See United States v. Neal, 101 F.3d 993, 998 (4th Cir. 1996). Moreover, "look[ing] to 'the totality of the circumstances' [we conclude that] the ultimate sentence is reasonable." United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). Accordingly, we find no plain error and no abuse of discretion in the district court's determination that an eighteen-month sentence is appropriate for Mosley's offense. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED